# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| ROYLEE SMITH | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV416-069 |
| | ) | |
| CHATHAM COUNTY DISTRICT OFFICE, *et al.*, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Proceeding *pro se*, incarcerated plaintiff Roylee Smith has filed a 42 U.S.C. § 1983 complaint against Chatham County, Georgia's "District Office" (district attorney, evidently), over matters relating to a criminal prosecution against him. Doc. 1. His case must be dismissed because, as this Court has *repeatedly* told him, he has struck out under 28 U.S.C. § 1915(g). *Smith v. Medlin*, CV314-086, doc. 3 at 2 (S.D. Ga. Oct. 17, 2014) (advising 1915(g) dismissal and collecting *prior* 1915(g) strikes), *adopted*, docs. 5 & 6 (S.D. Ga. Nov. 17, 2014); *see also Smith v. Powell*, CV314-078, doc. 3 (S.D. Ga. Aug. 6, 2014) (same), *adopted*, docs. 8 & 9 (S.D. Ga. Sept. 10, 2014). He thus is prohibited from proceeding IFP without showing

that he is in imminent danger of serious physical injury.

Normally, prisoners who are indigent may avoid prepayment of the civil filing fee under 28 U.S.C. § 1915, even though they must eventually pay that fee in installments. But they must first surmount § 1915(g), which states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who has struck out under § 1915(g) must pay the complete $350 filing fee when he initiates suit. *See Searcy v. Fifth Judicial Circuit of Fla.*, 615 F. App'x 652, 653 (11th Cir. Sept. 2, 2015); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). If he doesn't, the district court must dismiss the complaint without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

Smith fails to present any allegations of imminent danger that may result in serious physical harm.[1] *Skillern v. Jackson*, 2006 WL 1687752

---

[1] He mentions that he has mental health issues and could commit suicide. Doc. 1 at

2

at * 2 (S.D. Ga. June 14, 2006) (citing *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004)). Because he is barred by § 1915(g), his IFP motion (doc. 2) is **DENIED** and his complaint should be **DISMISSED**.

More is required here, however, because Smith obviously has decided to repeatedly lie by omission[2] while requiring this Court to constantly pause and address his dead-on-arrival lawsuits. The time has thus come to manage an inmate who won't manage himself. Accordingly, the Court should apply the same automatic dismissal mechanism that it has successfully implemented to manage other abusive filers.[3] In that

---

23 (unedited: "I am in a current serious threat to commit suicide because of defendant's illegal act's which has now cause psychotic risk to the victim witness life."). However, he does not cite 1915(g), much less claim this as "imminent danger." Nor will this Court accept medically uncorroborated self-harm claims, since that obviously would enable *convicted criminals* to instantly neutralize the very public-resource protection that Congress enacted under § 1915(g).

[2] Smith also fails to reveal, in response to the "other lawsuits" question on his form § 1983 Complaint, the foregoing 1915(g)-lawsuits (nor other dismissed lawsuits of record). Doc. 1 at 1-2 (he reveals one Middle District of Georgia case, but none of the more than half dozen that he's filed here). His history of lying to this Court on that score has been documented. *See Medlin*, CV314-086, doc. 3 at 4-5. And this Court has upheld a § 1915(g) dismissal because he has, as he just did again in this case, *lied* about his prior case filings. *Smith*, CV314-078, doc 8 at 2 ("Moreover, even if Plaintiff could satisfy the imminent danger exception, his complaint would still be subject to dismissal on the separate ground that he provided false information about his prior filing history in federal court."). Dismissal is also warranted on these grounds.

[3] *See Fields v. Terminal*, 2016 WL 823020 (S.D. Ga. Feb. 26, 2016); *Hurt v. Zimmerman*, CV415-260 (S.D. Ga. Oct. 7, 2015); *Brewer v. United States*, CV600-140,

regard, the Court recognizes that "[a]ccess to the courts is unquestionably a right of considerable constitutional significance," but it "'is neither absolute nor unconditional.'" *Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008) (quoting *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 516 (11th Cir. 1991)). Sometimes, "[c]onditions and restrictions on [a] person's access are necessary to preserve the judicial resource for all other persons." *Id.* "Frivolous and vexatious law suits," like those continually pressed by Smith, "threaten the availability of a well-functioning judiciary to all litigants." *Id.*

IFP litigants, for that matter, pose special risks because:

> paupers filing *pro se* petitions are not subject to the financial considerations -- filing fees and attorney's fees -- that deter other litigants from filing frivolous petitions. Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice.

*In re McDonald*, 489 U.S. 180, 184 (1989); *see also Procup v. Strickland*, 792 F.2d 1069, 1072 (11th Cir. 1986) ("Every lawsuit filed, no matter how frivolous or repetitious, requires the investment of court time, whether

---

(S.D. Ga. Aug. 25, 2015); *Robbins v. Universal Music Grp.*, 2015 WL 171443 (S.D. Ga. Jan. 13, 2015); *Finch-Grant v. Long*, 2014 WL 3888124 (S.D. Ga. Aug. 6, 2014).

the complaint is reviewed initially by a law clerk, a staff attorney, a magistrate, or the judge."). The federal courts have used a variety of "injunctive devices" to protect their dockets from abuse by litigants who monopolize judicial resources through the serial riling of frivolous lawsuits, *Procup*, 792 F.2d at 1072, and they have "considerable discretion" in selecting the appropriate measure to curtail such abuse. *Id.* at 1074. Courts, however, may not "completely close the courthouse doors to those who are extremely litigious." *Cofield v. Alabama Public Service Comm'n*, 936 F.2d 512, 517 (11th Cir. 1991); *Miller*, 541 F.3d at 1097 (in dealing with an abusive litigant, courts may "not impose blanket prohibitions on" all future filings by that litigant). But they are empowered to impose severe restrictions on an abusive litigant's ability to file further cases. For instance, they may require such a litigant "to seek leave of court before filing pleadings in any new or pending lawsuit." *Procup*, 792 F.2d at 1072. And "'[a]s new ideas develop and old devices prove ineffective, the judiciary must respond with imaginative new techniques designed to protect the court access of all litigants.'" *Miller*, 541 F.3d at 1097 (quoting *Procup*, 792 F.2d at 1073).

In prior cases, this Court has devised a pre-filing review mechanism for reining in abusive litigants who persist in filing one frivolous suit after another. By repeatedly filing § 1915(g)-barred cases, Smith has inappropriately consumed a disproportionate share of judicial resources and has demonstrated that his future filings should receive special treatment. In order to curb further abuse and conserve judicial resources for other litigants, the Court should impose the following restrictions for a period of six months (to run from the date this recommendation is filed) on all civil actions Smith seeks to commence:

1. The Clerk shall receive the papers, open a single miscellaneous file for tracking purposes,[4] and forward the papers to the presiding district judge in this case to determine whether Smith qualifies for IFP status, satisfies § 1915(g)'s requirements and, finally, has stated a claim with any arguable merit. Only if the pleading satisfies those requirements will the Court allow it to be filed. IFP complaints that fail to pass muster under 28 U.S.C. § 1915(e) and § 1915(g) will be dismissed *without any further judicial action* 30 days from the date the complaint is

---

[4] All future filings from Smith will be docketed under that miscellaneous case number, unless the Court orders otherwise as to any particular pleading.

received by the Clerk, unless the Court orders otherwise. Thus, although the Court will read and consider any future IFP application and complaint that Smith files within the six months following the date this recommendation is filed, it will not necessarily enter an order addressing the application or complaint. If no order is forthcoming, then 30 days after the complaint's receipt the Clerk shall, without awaiting any further direction, notify Smith that his case has been dismissed without prejudice pursuant to 28 U.S.C. § 1915(e) and (g).[5]

2. The Clerk shall not docket any further motions or papers in a case automatically dismissed pursuant to this directive, except for a notice of appeal. Any papers other than a notice of appeal will be retained digitally[6] by the Clerk for appellate and historical purposes only. If a notice of appeal is filed, the Clerk shall forward a copy of the Court's ruling in this case, the notice of appeal, and the dismissed complaint to the Court of Appeals. Smith shall remain responsible for appellate filing fees

---

[5] Any cases dismissed in this manner may be resubmitted for filing if Smith pays the filing fee.

[6] "Retained digitally" means that the Clerk shall scan and save in an electronic file all papers Smith submits in cases dismissed pursuant to this directive. That file must be accessible to all divisions in this district. After scanning, the Clerk is authorized to destroy the original, paper copy.

(or he may move this Court for IFP status on appeal, per Fed. R. App. P. 24).

3. To ensure that all future Smith pleadings (submitted within the six months following the date this recommendation is filed) are properly consolidated for review, the Clerk shall advise each deputy clerk of the Court's ruling in this case and develop a procedure for ensuring that all future Smith complaints are immediately assigned and forwarded to the presiding district judge in this case, regardless of which divisional clerk's office received and docketed the papers.

4. These filing restrictions do not apply to any criminal case in which Smith is named as a defendant, or to any proper application for a writ of habeas corpus.

5. A copy of the order imposing these restrictions shall be forwarded to each judicial officer in this District.

Smith's present complaint, however, should be **DISMISSED** under § 1915(g). All future civil actions Smith seeks to file within the six

months after the date this recommendation is filed will be subject to these restrictions.[7]

**SO REPORTED AND RECOMMENDED,** this  21st  day of March, 2016.

*/s/ G. R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[7] Once these restrictions expire, Smith must ensure that any future litigation he commences complies with § 1915(g) and follows the Federal Rules of Civil Procedure and this Court's Local Rules (both of which can be found online). If he does not, the Court will not hesitate to re-impose these restrictions for a longer duration.